Argued September 20, modified October 5, 1915.

## HELD v. KENNEDY.

(151 Pac. 968.)

**Exchange of Property—Realty—Rescission of Contract—False Representations.**

1. Where plaintiff and defendant exchanged realty, and defendant falsely represented to plaintiff, who told him that he was ignorant of soils and their qualities, that the land which he was to receive was not white land and would not require drainage, the contrary being the fact, but plaintiff being ignorant thereof, plaintiff could rescind such contract for false representations.

[As to the difference between an exchange and a sale of property, see note in 94 Am. St. Rep. 227.]

From Multnomah: HENRY E. McGINN, Judge.

Department 1. Statement by MR. JUSTICE BENSON.

This is a suit by George C. Held against J. B. Kennedy and Ralph Ackley to rescind a contract whereby plaintiff and defendant Kennedy exchanged certain real properties. Plaintiff's property consisted of a dwelling-house and lot in Albina, and defendant's property was a 32-acre tract of farm land near Woodburn in Marion County. The complaint alleges that plaintiff's Albina property was worth $5,000; that the tract of farm land for which he exchanged is what is known as "white land," unproductive, and of little or no value for agricultural purposes; that he was induced to trade by reason of the positive assurance given him by defendant that there was no white land on the tract, that it had ample natural drainage, and that no artificial drainage was necessary; and that these representations were false. There were a number of other allegations charging that defendant also made false representations as to the probable value of crops which might in the future be grown upon the

land; but, since we regard these as mere "puffing," they are of no importance in the consideration of the case. The answer denies the allegations of fraud and denies that plaintiff relied upon any such representations. From a decree in favor of plaintiff, this appeal is brought.        MODIFIED.

For appellant there was a brief over the names of *Mr. John M. Pipes* and *Mr. George A. Pipes,* with an oral argument by *Mr. John M. Pipes.*

For respondent there was a brief and an oral argument by *Mr. Wilson T. Hume.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. There is but one question involved in the consideration of the case thus presented: Did the defendant make false representations to plaintiff as to the character of the soil in the 32-acre tract of land which were relied upon by him to his injury, and was plaintiff ignorant of the truth? If so, then the decree of the trial court should be affirmed.

It would serve no good purpose to set out in detail the evidence submitted. The plaintiff and his wife testify that they visited the tract of land owned by defendant, who accompanied them; that plaintiff told him that he was ignorant of soils and its qualities; that he knew nothing of soils or drainage; that he had been informed that the land in the vicinity was largely composed of what is known as white land; that defendant assured him that "there was not an inch of white land in the tract"; that plaintiff then asked defendant for details in regard to drainage; that the latter assured him that the land was drained efficiently

by natural drainage and that no artificial drainage was required. The defendant testifies that he never was asked these questions by plaintiff, but admits that the latter said to him "that they had told him that it was all white land out there," and that he had replied, "People out there are liable to tell you anything." Thereafter, in answer to the question by the court, "Is it white land?" he answered, "Not all of it," and added, "I don't think more than an acre or an acre and a half is what you would call lowland on it." In reference to the question of drainage, the defendant testifies that he pointed out the ditches to plaintiff and told him that if he kept them open he would have no trouble on that score. It will be seen that there is a distinct conflict in the testimony upon these vital ques-· tions. The evidence shows that white land is not desirable and without good drainage is practically valuless. While there is a like conflict as to the value of the land in question, we are reminded forcibly of the fact that the trial court saw the several witnesses upon the stand and had an opportunity to estimate their credibility, which we have not. We conclude that the trial court did not err in its decree, except in giving to plaintiff a judgment for punitive damages. There is nothing in the pleadings or the evidence to justify such judgment: *Sullivan* v. *Oregon R. & N. Co.,* 12 Or. 392 (7 Pac. 508, 53 Am. Rep. 364).

The decree of the lower court is therefore affirmed, except as to the punitive damages, which are eliminated; neither party to recover costs in this court.

MODIFIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE BURNETT concur.